| Atty or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| PHILIP A. GASTEIER (State Bar No. 130043)<br>ROBINSON, DIAMANT & WOLKOWITZ<br>A Professional Corporation<br>1888 Century Park East, Ste. 1500<br>Los Angeles, CA 90067<br>Telephone: (310) 277-7400<br>Fax: (310) 277-7584<br><br>Attorneys for Timothy J. Yoo, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| In re: IDENTITY PLAY, INC.,<br><br>                                    Debtor. | CHAPTER: 7<br>CASE NO. **2:08-bk-19025-ER**<br><br>[No Hearing Required] |
|---|---|

## DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING
## PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1(b)(4)

1.  I am the ☐ Movant ☒ Movant's Attorney     in this matter and declare as follows:

2.  On *(specify date)*: August 1, 2008, Movant filed a Application entitled *(specify)*: TRUSTEE'S APPLICATION TO EMPLOY ROBINSON, DIAMANT & WOLKOWITZ, A PROFESSIONAL CORPORATION, AS GENERAL COUNSEL.

3.  A copy of the Application and of the Notice of Application is attached hereto.

4.  Pursuant to Local Bankruptcy Rule 2014-1(b), the Application was served by mail on *(specify date)*: August 1, 2008, together with a notice stating that any party objecting to the Application has 15 days within which to file and serve any written objection and request a hearing on the above Application.

5.  More than 15 days have passed since the service of the Notice of Application.

6.  No objection has been timely served on Movant at the address specified in the notice and corrected notice. Therefore, no hearing is required.

7.  The proposed Order is submitted herewith. *(Submit original and appropriate copies of Order with envelopes and Notice of Entry)*.

WHEREFORE, Movant requests that the Order granting the relief requested in the Application be signed and entered forthwith.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at Los Angeles, California.

Dated: August 18, 2008

__PHILIP A. GASTEIER__
*Typed Name of Declarant*

_____
*Signature of Declarant*

1  TIMOTHY J. YOO (State Bar No. 155531)
   1888 Century Park East, Suite 1500
2  Los Angeles, California  90067
   Telephone: (310) 277-7400
3  Telecopier: (310) 277-7584

4  Chapter 7 Trustee

5

6

7

8                    **UNITED STATES BANKRUPTCY COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
                        **LOS ANGELES DIVISION**
10

11 In re                          Case No.  2-08-bk-19025 ER

12 IDENTITY PLAY, INC.,           Chapter 7

13          Debtor.               **TRUSTEE'S APPLICATION TO EMPLOY**
                                  **ROBINSON, DIAMANT & WOLKOWITZ,**
14                                **A PROFESSIONAL CORPORATION, AS**
                                  **GENERAL COUNSEL TO CHAPTER 7**
15                                **TRUSTEE; PHILIP A. GASTEIER IN**
                                  **SUPPORT THEREOF**
16
                                  [No Hearing Required]
17

18 **TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY JUDGE:**

19          Timothy J. Yoo, the Chapter 7 trustee (the "Trustee")

20 for the bankruptcy estate of Identity Play, Inc., dba Faketown

21 (the "Debtor"), respectfully applies for authority to employ

22 Robinson, Diamant & Wolkowitz, A Professional Corporation, as

23 general counsel for the Trustee, and represents as follows:

24 ///

25 ///

26 ///

27 ///

28 ///

PAG/00186738.WPD/APP/18513.000

# I.

## CASE BACKGROUND

1.    On June 23, 2008, the Debtor commenced this case by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code.

2.    Timothy J. Yoo Alberta P. Stahl is the Chapter 7 trustee for the Debtor's bankruptcy estate.

3.    The Debtor operated a multiple user online service based on its "virtual world" website known as "Faketown." Among the assets of this estate are Faketown's website URL's, source code, graphics and customer base.

4.    The Trustee is attempting to market and sell such assets while they retain value, and required counsel to immediately  assist him in so doing.

5.    By necessity, services on behalf of the Applicant began on June 26, 2008.

# II.

## PROPOSED EMPLOYMENT OF RD&W

6.    The Trustee desires to employ Robinson, Diamant & Wolkowitz, A Professional Corporation ("RD&W"), whose address is 1888 Century Park East, Suite 1500, Los Angeles, California, as his general counsel to represent him in this case, as described with more particularity in Paragraph 7 herein.  The Trustee feels that RD&W would be most qualified to serve as counsel to the Trustee.

7.    The Trustee proposes to employ RD&W as attorneys at the expense of this estate.  Said proposed attorneys have had experience in matters of this nature, and the Trustee believes

that RD&W is well qualified to represent him as Chapter 7 Trustee in this case.  In addition to assistance in the legal analysis, negotiation of terms and sale of the assets, the Trustee the legal services required will include:

      a.    To advise the Trustee on matters relating to administration of the estate, and on the Trustee's rights and remedies with regard to the estate's assets and the claims of secured and unsecured creditors;

      b.    To appear for, prosecute, defend, and represent the Trustee's interest in suits arising in or related to this case, including any necessary eviction proceedings;

      c.    To investigate, evaluate, and prosecute any other actions arising under the Trustee's avoiding powers;

      d.    To assist in the preparation of such pleadings, applications, schedules, orders, and other documents as are required for the orderly administration of this estate; and

      e.    To provide such other services as may be required in this Chapter 7 case.

      8.    RD&W is a law firm experienced in bankruptcy proceedings and has agreed to undertake this employment as attorneys for the Trustee if authorized by this Court, with compensation to be fixed after notice and hearing pursuant to 11 U.S.C. § 330.  RD&W's resume, which sets forth the experience and qualifications of RD&W's attorneys and paralegals, can be found on RD&W's website, http://www.rdwlawcorp.com.  Attached hereto as Exhibit 1 and incorporated herein by reference is a true and

correct copy of RD&W's fee schedule. It is anticipated that billing rates will increase at the first of each year.

9. For all the foregoing reasons, the Trustee believes that RD&W's employment is in the best interest of the estate, as required by § 327(d) of the Bankruptcy Code as a condition of employment.

## III.

### RD&W'S EMPLOYMENT IS IN THE BEST INTERESTS OF THE ESTATE

10. Section 327(d) of the Bankruptcy Code provides as follows: "The Court may authorize the Trustee to act as attorney . . . for the estate if such authorization is in the best interests of the estate." 11 U.S.C. § 327(d). While the Bankruptcy Code does not define the "best interests of the estate," standard, "it can be safely said that the estate's best interest must derive from and be compatible with the goals of bankruptcy law, that is, to maximize the value of the assets of the bankruptcy estate in the most cost efficient way for the benefit of those who own those assets." In re Gem Tire & Service Co., 117 B.R. 874, 878 (Bankr. S.D. Tex. 1990).

11. While a trustee's employment of his own firm as counsel is clearly permitted under the Code, cases interpreting the meaning of "best interests of the estate" in the context of section 327(d) have required that Trustee show "cause" to justify the appointment of Trustee's law firm as his counsel. See In re Butler Industries, Inc., 101 B.R. 194, 197 (Bankr. C.D. Cal. 1989), aff'd, 114 B.R. 695 (C.D. Cal. 1990), appeal dismissed, 8 F.3d 25 (9th Cir. 1993). Cause exists in this case as follows:
///

a.    At this time, none of the assets of the estate have any established value or are readily recoverable without legal intervention.  As work may be performed on an essentially a contingency basis, the Trustee doubts he will be able to locate outside counsel willing to handle this matter.

b.    RD&W has already of necessity, familiarized itself with the file and performed certain services, including reviewing the documents pertaining to the Debtor's ongoing projects to determine the estate's interest in such projects.  Employment of RD&W will obviate the "learning curve" that will be required if different counsel is employed.

12.    Both the Trustee and RD&W are sensitive to the concerns expressed by the bankruptcy court in <u>Butler</u> regarding the possibility of a trustee's law firm performing services which a trustee would ordinarily be expected to perform.  In past cases where RD&W has represented a trustee who is a member of RD&W (including cases before this Court), separate time and cost records are kept for the trustee and RD&W and those routine trustee responsibilities which do not require RD&W's services are left for the trustee.

13.    In addition, in light of the nature of the services which may be rendered herein, and the limited anticipated compensation, the Trustee believes that it is most efficient and beneficial to the estate to employ RD&W rather than an outside law firm, even assuming another firm could be persuaded to undertake the representation.

14. For all the foregoing reasons, the Trustee believes that RD&W's employment is in the best interests of the estate, as required by 11 U.S.C. § 327(d) as a condition of employment.

## IV.

### COMPENSATION OF RD&W

15. There is no agreement between the Trustee and RD&W regarding RD&W's employment in this case other than as expressed in this Application.

16. As a condition of its employment, RD&W will comply with the "Guide to Applications for Professional Compensation," promulgated by the OUST in 2002 with regard to compensation of professionals.

17. RD&W has neither received a retainer nor a lien or interest in property of the Debtor or third parties with respect to its representation of the Trustee. No agreement exists for a division of fees between RD&W and any other person or entity except as among the members of RD&W.

18. RD&W has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

19. No compensation will be paid by the Trustee to RD&W except upon application to and approval by this Court after notice and a hearing pursuant to §§ 330 and 331 of the Bankruptcy Code.

///

**v.**

**RD&W IS DISINTERESTED AND HOLDS NO**

**INTEREST ADVERSE TO THE ESTATE**

20.  To the best of the Trustee's knowledge, based upon the Declaration of Philip A. Gasteier, RD&W and all attorneys associated with RD&W who expect to render services in this matter are disinterested persons, do not hold or represent an interest adverse to the estate, and do not have any connections with the Debtor, the creditors of the estate, any other party in interest in this case, or each of their respective attorneys or accountants, the OUST, or any person employed by the OUST, except as stated in the Gasteier Declaration.

21.  To the best of the Trustee's knowledge, based upon the Gasteier Declaration, RD&W:

    a.  Is not and was not a creditor, an equity security holder, or an insider of the Debtor;

    b.  Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

    c.  Does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

    d.  Is not a relative or employee of the OUST or a United States Bankruptcy Court judge.

22.  RD&W has represented other trustees in cases before the United States Bankruptcy Court for the Central

District of California, including this Trustee.  Such prior
representation in no way affects the proposed representation
herein.

**VI.**

**NOTICE OF THE APPLICATION IS SUFFICIENT**

23.  A notice advising creditors and other interested
parties of the "Application to Employ Robinson, Diamant &
Wolkowitz, A Professional Corporation, as General Counsel to
Chapter 11 Trustee" and summarizing the Application's contents
has been filed and served in accordance with Local Bankruptcy
Rule 2014-1(b)(2).

WHEREFORE, the Trustee prays that he be authorized to
employ Robinson, Diamant & Wolkowitz, A Professional Corporation,
as his general counsel in this Chapter 7 case, effective as of
commencement of services on June 26, 2008, with compensation
to be paid in such amount as the Court may hereafter allow in
accordance with law.

DATED:  August ⁄, 2008

TIMOTHY J. YOO
Chapter 7 Trustee

## **DECLARATION OF PHILIP A. GASTEIER**

I, Philip A. Gasteier, declare as follows:

1.   I am a member of the law firm Robinson, Diamant & Wolkowitz, A Professional Corporation.

2.   I have read the foregoing "Application to Employ Robinson, Diamant & Wolkowitz, A Professional Corporation, as General Counsel to Chapter 7 Trustee" and know the contents thereof, and that the same is true of my own knowledge, except as to those matters which are therein stated upon information or belief, and as to those matters, I believe them to be true. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Application.

3.   No agreement or understanding exists for a division of fees between RD&W and any other person or persons whatsoever, except among members of RD&W.

4.   To the best of my knowledge and belief, RD&W has no connection with Debtor, the creditors or any other parties in interest and I believe that neither I nor RD&W holds any interest adverse to this estate in the matters upon which it is to be engaged.   I believe that neither I nor RD&W has in the past or plans in the future to represent any related debtors.

5.   Following the Trustee's request to represent him in this case as general counsel, a conflicts check was undertaken, utilizing RD&W's client list database.   I also reviewed the potential representation of the Trustee as Chapter 7 trustee in this case with other attorneys at RD&W to ensure that no conflict of interest exists.   Based upon the conflicts check and review conducted and based upon information and belief, I

believe that RD&W and its members and associates are

"disinterested persons" as defined by 11 U.S.C. § 101 and do not

hold or represent any interest adverse to the Trustee, the Debtor

and/or the estate.

      6.    The conclusion that RD&W is "disinterested" is

based upon the fact that neither RD&W nor any of its members or

associates:

         a.    Is not and was not a creditor, an equity
security holder, or an insider of the Debtor;

         b.    Is not and was not, within 2 years
before the date of the filing of the petition, a
director, officer, or employee of the Debtor;

         c.    Does not have an interest materially adverse
to the interest of the estate or of any class of creditors
or equity security holders, by reason of any direct or
indirect relationship to, connection with, or interest in,
the Debtor, or for any other reason; and

         d.    Is not a relative or employee of the OUST or
a United States Bankruptcy Court judge.

      7.    Likewise, to the best of my information and

belief, neither RD&W nor any of its members or associates has any

connection with the Debtor, the creditors, any other parties in

interest, their respective attorneys and accountants, the Office

of the United States Trustee, or any person employed in the

Office of the United States Trustee and that RD&W and each of its

members and associates are all disinterested persons pursuant to

11 U.S.C. § 101(14).

      8.    RD&W is not representing, has not represented and

does not intend to represent any related debtor in a bankruptcy

case in this or any other Court.

      9.    The Trustee and RD&W are mindful of the concerns

expressed by the In re Gem Tire & Serv. Co., 117 B.R. 874, 878

(Bankr. S.D. Tex. 1990) and <u>In re Butler Incus., Inc.</u>, 101 B.R.
194, 197 (Bankr. C.D. Cal. 1989) decision's regarding the
potential conflict of interest that may arise when a trustee
employs his own law firm as his counsel.  In order to avoid a
potential conflict of interest, the Trustee and RD&W have
maintained separate time and cost records so that it is possible
to distinguish between the services and costs rendered by each.
Those routine trustee responsibilities which do not require
RD&W's services are left for the Trustee and/or his staff to
perform.

        10.  Further, the Trustee would not hesitate to object
to and/or require RD&W to reduce its fees if any are deemed
inappropriate by the Trustee.

        11.  RD&W will file applications for its fees pursuant
to § 330 of the Bankruptcy Code.  RD&W will comply with the
"Guide to Applications for Employment of Professionals and
Treatment of Retainers" as promulgated by the OUST and RD&W will
comply with the procedures set forth in the "Guide to
Applications for Professional Compensation."

        12.  RD&W has represented chapter 7 and chapter 11
trustees in thousands of cases over a period of approximately 30
years.  RD&W's resume, which sets forth the experience and
qualifications of RD&W's attorneys and paralegals, can be found
on RD&W's website, <u>http://www.rdwlawcorp.com.</u> which sets forth
the experience and qualifications of attorneys and paralegals, as
well as their billing rates.  RD&W's current billing rates for
its attorneys and paralegals range from $550 to $185 per hour.
Attached hereto as <u>Exhibit 1</u> is a copy of RD&W's fee schedule.

It is anticipated that billing rates will increase at the first of each year.

13. Both RD&W and I are familiar with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules and shall comply with them to the best of our ability.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this declaration was executed this _1st_ day of August, 2008 at Los Angeles, California.

_____
PHILIP A. GASTEIER

# EXHIBIT 1

MRR/00178451.WPD/MISC/00005.000

# ROBINSON, DIAMANT & WOLKOWITZ
## 2008 - BILLING RATES
### Updated 5/16/08

| ATTORNEYS | 2008 RATES |
|---|---|
| DIAMANT, LAWRENCE A. | $ 580 |
| WOLKOWITZ, EDWARD M. | $ 575 |
| GROSS, IRVING M. | $ 535 |
| GASTEIER, PHILIP A. | $ 535 |
| YOO, TIMOTHY J. | $ 500 |
| KAPPLER, DOUGLAS D. | $ 520 |
| FAITH, JEREMY W. | $ 385 |
| TAN, CARMELA MARIA Z. | $ 300 |
| FREALY, TODD A. | $ 300 |
| ROYZMAN, NATELLA | $ 220 |

PARALEGAL:

| | |
|---|---|
| RICHARDSON, MYRNA R. | $ 185 |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On **August 1, 2008**, I served the foregoing document described as: **TRUSTEE'S APPLICATION TO EMPLOY ROBINSON, DIAMANT & WOLKOWITZ, A PROFESSIONAL CORPORATION, AS GENERAL COUNSEL TO CHAPTER 7 TRUSTEE; PHILIP A. GASTEIER IN SUPPORT THEREOF** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

Debtor
Identity Play Inc.
578 Washington Blvd., #492
Marina Del Ray, CA  90292-5442

United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA  99917-5524
*Via E-mail*

Debtor's Counsel
James R. Selth
Weintraub & Selth, APC
12424 Wilshire Blvd., Ste. 1120
Los Angeles, CA  90025-1031

Chapter 7 Trustee
Timothy Yoo
Robinson, Diamant & Wolkowitz
1888 Century Park East, #1500
Los Angeles, CA  90067-1755
*Via Hand Delivery*

**x** **By mail**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

**X**   I caused such document to be sent via electronic mail to the persons listed in the attached service list at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **August 1, 2008** at Los Angeles, California.

ADELAIDA OLVERA

PAG/00186738.WPD/APP/18513.000

-14-

# File a Motion:

2:08-bk-19025-ER Identity Play Inc

Type: bk                Chapter: 7 v               Office: 2 (Los Angeles)

Judge: ER            Assets: n

## U.S. Bankruptcy Court

## Central District Of California

Notice of Electronic Filing

The following transaction was received from Yoo, Timothy entered on 8/1/2008 at 4:37 PM PDT and filed on 8/1/2008

**Case Name:**         Identity Play Inc

**Case Number:**      2:08-bk-19025-ER

**Document Number:** 6

**Docket Text:**

Application to Employ Robinson, Diamant & Wolkowitz, A Professional Corporation as General Counsel *to Chapter 7 Trustee; Declaration of Philip A. Gasteier in Support Thereof with proof of service* Filed by Trustee Timothy Yoo (Yoo, Timothy)

The following document(s) are associated with this transaction:

**Document description:**Main Document

**Original filename:**C:\Documents and Settings\Addy Olvera\Desktop\Identity Play T's App Employ RDW.pdf

**Electronic document Stamp:**

[STAMP bkecfStamp_ID=1106918562 [Date=8/1/2008] [FileNumber=21098756-0 ] [188129b2ca2b622791a7e8636dc249f0c4a3b575db42fffe20dccc0dec8647855ac d2f938873e39eccdcb2cddc01dfe171f4bffcb99ffb65f8ebee1a3097883c]]

**2:08-bk-19025-ER Notice will be electronically mailed to:**

Peter A Davidson     pdavidson@mdfslaw.com

James R Selth     jim@wsrlaw.net

United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

Timothy Yoo     teetjy@rdwlawcorp.com, tyoo@ecf.epiqsystems.com

**2:08-bk-19025-ER Notice will not be electronically mailed to:**

PHILIP A. GASTEIER (State Bar No. 130043)
ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation
1888 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: (310) 277-7400
Telecopier: (310) 277-7584

Attorneys for Timothy J. Yoo, Chapter 7 Trustee

---

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>IDENTITY PLAY, INC.,<br><br>Debtor. | Case No. 2-08-bk-19025 ER<br>Chapter 7<br><br>**NOTICE OF TRUSTEE'S APPLICATION TO EMPLOY ROBINSON, DIAMANT & WOLKOWITZ, A PROFESSIONAL CORPORATION, AS GENERAL COUNSEL**<br><br>[No Hearing Required] |

**TO ALL PARTIES IN INTEREST AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Timothy J. Yoo, the Chapter 7 Trustee for the bankruptcy estate of Identity Play, Inc., dba Faketown, has submitted an application to the United States Bankruptcy Court to employ Robinson, Diamant & Wolkowitz, A Professional Corporation ("RD&W"), as general counsel in the above-referenced case effective as of commencement of services. This case was commenced by the filing of a Voluntary Petition on June 23, 2008 under Chapter 7 of Title 11 of the United States Bankruptcy Code.

The Debtor operated a multiple user online service based on its "virtual world" website known as "Faketown."
Among the assets of this estate are Faketown's website URL's, source code, graphics and customer base. The Trustee is attempting to market and sell such assets while they retain value, and required counsel to immediately assist him in so doing. Counsel was required to commence services on June 26, 2008.

RD&W is a law firm experienced in bankruptcy proceedings and has agreed to undertake this employment as attorneys for the Trustee if authorized by this Court. RD&W has not received a retainer nor will it receive a lien or interest in property of the Debtor or third parties with respect to its representation.

Attached is a copy of RD&W's fee schedule, setting forth the hourly rate for each professional. No compensation will be paid by Trustee to RD&W except upon application to and approval by the Bankruptcy Court after notice and a hearing pursuant to §§ 330 and 331 of the Bankruptcy Code.

Any person who wishes to receive a copy of the Application can do so by contacting proposed counsel for the Trustee, Myrna R. Richardson, Paralegal, at Robinson, Diamant & Wolkowitz, A Professional Corporation, 1888 Century Park East, Suite 1500, Los Angeles, California 90067, telephone (310) 277-7400.

**PLEASE TAKE FURTHER NOTICE** that if you wish to oppose the employment of general counsel, Local Bankruptcy Rule 2014-1(b)(3)(D) requires that any response and request for hearing be filed with the Clerk of the Bankruptcy Court, located at 300 N. Los Angeles Street, Los Angeles, CA 90012, and served on the parties listed below no later than 15 days from the date of service of this Notice:

> Office of the United States Trustee
> 725 S. Figueroa Street, 26th Floor
> Los Angeles, CA 90017
>
> Timothy J. Yoo, Chapter 7 Trustee
> 1888 Century Park East, Suite 1500
> Los Angeles, CA 90067
>
> Philip A. Gasteier, Esq.
> Robinson, Diamant & Wolkowitz, APC
> 1888 Century Park East, Suite 1500
> Los Angeles, CA 90067

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(a)(11), papers not timely filed and served may be deemed by the Court to be consent to the granting of the Application.

DATED: August __1__, 2008

ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation

By: _____
PHILIP A. GASTEIER
Attorneys for Timothy J. Yoo,
Chapter 7 Trustee

MAILING DATE: August __1__, 2008

# ROBINSON, DIAMANT & WOLKOWITZ
## 2008 - BILLING RATES
### Updated 5/16/08

| ATTORNEYS | 2008 RATES |
|---|---|
| DIAMANT, LAWRENCE A. | $ 580 |
| WOLKOWITZ, EDWARD M. | $ 575 |
| GROSS, IRVING M. | $ 535 |
| GASTEIER, PHILIP A. | $ 535 |
| YOO, TIMOTHY J. | $ 500 |
| KAPPLER, DOUGLAS D. | $ 520 |
| FAITH, JEREMY W. | $ 385 |
| TAN, CARMELA MARIA Z. | $ 300 |
| FREALY, TODD A. | $ 300 |
| ROYZMAN, NATELLA | $ 220 |

PARALEGAL:

| | |
|---|---|
| RICHARDSON, MYRNA R. | $ 185 |

.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

On **August 1, 2008**, I served the foregoing document described as: **NOTICE OF TRUSTEE'S APPLICATION TO EMPLOY ROBINSON, DIAMANT & WOLKOWITZ, A PROFESSIONAL CORPORATION, AS GENERAL COUNSEL** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

SEE ATTACHED SERVICE LIST

 **x  By mail**: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

__ I caused such document to be sent via Overnite Express to the persons listed in the attached service list at Los Angeles, California.

 **X**  I caused such document to be sent via electronic mail to the persons listed in the attached service list at Los Angeles, California.

__ I caused such document to be sent via facsimile to the persons listed in the attached service list at Los Angeles, California.

__ I caused such envelope to be delivered via messenger (In-House Attorney Service) to the persons listed in the attached service list.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **August 1, 2008** at Los Angeles, California.

ADELAIDA OLVERA

Debtor
Identity Play Inc.
578 Washington Blvd., #492
Marina Del Ray, CA 90292-5442

United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 99917-5524
*Via E-mail*

Debtor's Counsel
James R. Selth
Weintraub & Selth, APC
12424 Wilshire Blvd., Ste. 1120
Los Angeles, CA 90025-1031

Chapter 7 Trustee
Timothy Yoo
Robinson, Diamant & Wolkowitz
1888 Century Park East, #1500
Los Angeles, CA 90067-1755
*Via Hand Delivery*

Special Notice
Peter A. Davidson
Moldo Davidson Fraioli Seror &
Sestanovich

2029 Century Park East, 21st Floor
Los Angeles, CA 90067-2901

Los Angeles Division
255 East Temple Street
Los Angeles, CA 90012-3332

Adam Bain
612 10th Street., #B
Hermosa Beach, CA 90254-3930

Alex Welch
13727 Adams Street
Thornton, CO 80602-8788

Alexandria Acquisition & Development
LLC
18034 Ventura Blvd., #309
Encino, CA 91316-3516

Amazon Web Services LLC
1200 12th Ave. South
Seattle, WA 98144-2712

Buddylube
289 Grand Street, Suite A
Brooklyn, NY 11211-4406

Corey Jackson
2516 Pacific Ave., #1
Venice, CA 90291-4449

Crest Oaks Development LLC
18034 Ventura Blvd., #309
Encino, CA 91316-3516

Edson B. Hutchinson
150 Cleo Street, Apt. 6
Laguna Beach, CA 92651-2547

Edson B. Hutchinson
705 Main Street, #308
Houston, TX 77002-3304

Edwin Yeary
1056 Nowita Place
Venice, CA 90291-3519

Edwin Yeary, MD
2121 E. 32nd Street
Tulsa, OK 74105-2213

Indeglia & Carney
1900 Main Street, Suite 125
Irvine, CA 92614-7323

Jason Port
21221 NE 31st Place
Aventura, FL 33180-3678

Jesse Cooper
3124 Hamilton Way
Los Angeles, CA 90026-2108

John & Jean Capello
1515 Slate Hill Road
Camp Hill, PA 17011-8102

Joseph & Jean Capello
1515 Slate Hill Road
Camp Hill, PA 17011-8102

Joseph Guglielmo
23852 Pacific Coast Highway, Ste.
360
Malibu, CA 90265-4876

Joseph Todoran
33 Horizon Ave., #105
Venice, CA 90291-3637

Kevin Hildreth
320 11th Street, #10
Manhattan Beach, CA 90266-5445

Lance Sanders
4114 Lincoln Avenue
Culver City, CA 90232-3216

Malaga LLC
6100 Neil Road, Suite 500
Reno, NV 89511-1159

Margate Partners
34 Mountain Ave.
Maplewood, NJ 07040-2542

Michael Blake
1055 Garcia Road
Santa Barbara, CA 93101-2125

Michelle Ogata
1839 S. Beverly Glen Blvd., #2
Los Angeles, CA 90025-5043

Mitchell H. Chun
216 38th Street
Manhattan Beach, CA  90266-3104

Moldo Davidson Fraioli Seror, Et. Al.
2029 Century Park East, 21st Floor
Los Angeles, CA  90067-2901

Perkins Cole
1201 Third Avenue, 40th Floor
Seattle, WA  98101-3029

Ronald & Gayle Conway
2000 Washington Street, #3
San Francisco, CA  94109-2844

Rose Levinsohn
Velocity Interactive Group
12100 Wilshire Blvd., Suite 825
Los Angeles, CA  90025-7120

Rustic Canyon
2425 Olympic Blvd., Suite 6050W
Santa Monica, CA  90404-4073

Sharon Lee
23852 Pacific Coast Highway, #734
Malibu, CA  90265-4876

Softbank Capital
461 Fifth Avenue, 15th Floor
New York, NY  10017-7719

Steven Kuo
1417 Second Street
Manhattan Beach, CA  90266-6931

Theodore Okasinski
9937 Dorian Drive
Plymouth, MI  48170-3629

Ukash
5 - 7 Tanner Street
London, United Kingdom SE1 3LE

186746

## File a Notice:

2:08-bk-19025-ER Identity Play Inc

Type: bk                  Chapter: 7 v              Office: 2 (Los Angeles)
Judge: ER                 Assets: n

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Gasteier, Philip A entered on 8/1/2008 at 4:41 PM PDT
and filed on 8/1/2008
**Case Name:**        Identity Play Inc
**Case Number:**      2:08-bk-19025-ER
**Document Number:** 7

**Docket Text:**
Notice of motion/application *to Employ Robinson, Diamant & Wolkowitz, A Professional Corporation,
As General Counsel with proof of service* Filed by Trustee Timothy Yoo (RE: related document(s)[6]
Application to Employ Robinson, Diamant & Wolkowitz, A Professional Corporation as General
Counsel *to Chapter 7 Trustee; Declaration of Philip A. Gasteier in Support Thereof with proof of
service* Filed by Trustee Timothy Yoo (Yoo, Timothy)). (Gasteier, Philip)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\Addy Olvera\Desktop\Indentity Play-Ntc T's App
Employ RDW.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=8/1/2008] [FileNumber=21098853-0
] [2e60123087fefda6a18de9602d347d687b93083f8f381182217c0eaa0201cf79e62
7477f464b22449f53803e61fafbe76cc3e8ea655e8fa20f749a441a8a8740]]

**2:08-bk-19025-ER Notice will be electronically mailed to:**

Peter A Davidson    pdavidson@mdfslaw.com

Philip A Gasteier    pgasteier@rdwlawcorp.com

James R Selth    jim@wsrlaw.net

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Timothy Yoo    teetjy@rdwlawcorp.com, tyoo@ecf.epiqsystems.com

**2:08-bk-19025-ER Notice will not be electronically mailed to:**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1888 Century Park East, Suite 1500, Los Angeles, California 90067.

   On **August _19_ 2008**, I served the foregoing document described as: **DECLARATION RE: ENTRY OF ORDER WITHOUT HEARING PURSUANT TO LOCAL BANKRUPTCY RULE 2014-1(b)(4)** on interested parties in this action by placing a true copy thereof in a sealed envelope as follows:

United States Trustee
725 S. Figueroa St. 26th Floor
Los Angeles, CA 90017

   **X**   I caused such document to be sent via electronic mail to the persons listed in the attached service list at Los Angeles, California.

   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct.

   Executed on **August _19_, 2008** at Los Angeles, California.

ADELAIDA OLVERA